IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO B. CORDOVA, | No. C 08-05728 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| AMERICA'S SERVICING COMPANY, et al. | |
| Defendants. | |

Now before the Court is the report and recommendation of Magistrate Judge Maria-Elena James to dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders. The Court (1) adopts the report and recommendation of Judge James and (2) finds that dismissal is warranted on the independent ground that plaintiff has failed to state a claim upon which relief may be granted. As discussed below, this dismissal is without prejudice.

**1.     Failure to Prosecute**

A court may dismiss an action if the plaintiff fails to prosecute it or to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Pro. 41(b). The Court finds, for the reasons discussed in Judge James' report, that plaintiff has both failed to prosecute this action and to comply with court orders. Plaintiff failed to file an opposition to defendants' motion to dismiss, failed file a declaration ordered by the court, and failed to appear at a hearing on the court's order to show cause why the case should not be dismissed for failure to prosecute. Accordingly, this Court finds that dismissal of this case is warranted.

The Court has been informed that plaintiff's attorneys are under investigation for failing to

provide adequate representation to clients in foreclosure cases. The Court therefore finds that the proper remedy is dismissal without prejudice. In addition, the Court will consider the merits of defendants' motion to dismiss plaintiff's complaint.

**2.      Motion to Dismiss**

   **A.      Background**

Plaintiff Sergio Cordova alleges that he is the owner of a property at 1157 84th Avenue in Oakland, California and that defendants have initiated foreclosure proceedings against the property. Complaint ¶¶ 5, 6. Plaintiff also alleges that defendant U.S. National Bank Association is not the holder of the promissory note secured by the deed of trust, *id.* ¶ 7, and that defendants failed to respond to plaintiff's request for an accounting, *id.* ¶ 11. He filed a complaint alleging (1) unfair debt collection practices in violation of California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), the Fair Debt Collections Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"); (2) predatory lending practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), and the Federal Trade Commission Act ("FTCA"); and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. Pro. 12(b)(6).

   **B.      Legal standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," *id.*, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's

1 allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City*
2 *of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true
3 "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
4 *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**C.    Discussion**

   **i.    Unfair Debt Collection Practices**

Plaintiff alleges that defendants initiated foreclosure proceedings in violation of the Rosenthal Act, RESPA, and the FDCPA. The FDCPA provides that if the consumer disputes a debt or requests the name and address of the original creditor, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). "The Rosenthal Act incorporates the FDCPA's provisions concerning validation of debts and makes non-compliance with those provisions a violation of California law." *Hernandez v. Downey Sav. and Loan Ass'n*, 2009 WL 667406 *2 (N.D. Cal. 2009 Mar. 13 2009) (citing Cal. Civ. Code § 1788.17). Plaintiff does not cite a provision of either statute establishing that possession of a promissory note is a prerequisite to foreclosure or imposing a duty to provide an accounting to a borrower.

RESPA provides that "if any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 U.S.C. § 2605(e)(1)(A). A "qualified written response" must include "a statement

3

of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). Plaintiff has not alleged he made a request for information relating to the servicing of his loan.

### ii. Predatory Lending Practices

Plaintiff alleges that defendants engaged in predatory lending practices in violation of TILA, HOEPA, and the FTCA.

TILA and HOEPA protect consumers against unfair credit lending practices. Plaintiff alleges no facts demonstrating that defendants failed to make the disclosures required by these statutes with regard to plaintiff's home mortgage loan.

Plaintiff's claim under the FTCA also fails. "The Act rests initial remedial power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir.1981). Plaintiff cites no facts establishing that he may sue under this statute.

### iii. RICO

Plaintiff alleges that defendants have violated RICO by (1) attempting to collect unlawful debts, (2) engaging in mail fraud and fraudulent sale of securities, (3) engaging in prohibited interference with commerce, robbery, or extortion, and (4) engaging in a pattern and practice to obtain title to property without complying with the California Commercial Code.

RICO defines an unlawful debt as:

> a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate[.]

*See* 18 U.S.C. § 1961(6). Plaintiff does not allege any facts in support of his contention that his mortgage constitutes an "unlawful debt" within the meaning of RICO.

Plaintiff claims that defendants violated RICO by committing mail fraud and engaging in the

4

fraudulent sale of securities. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted this rule to require pleadings to specify "the time, place, and nature of the alleged fraudulent activities." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). This heightened pleading standard applies to RICO claims alleging fraud. *See id.* (dismissing the RICO claim for failure to specify the time, place, and content of the alleged mail and securities fraud). Here, plaintiff sets forth no details about the purported mail and securities frauds.

Plaintiff also fails to allege any facts in support of his claim that defendants interfered with commerce or committed robbery or extortion.

Finally, plaintiff claims that defendants "are engaged in a pattern and practice to obtain title of property without compliance and in violation of [Division] 3 of the California Commercial Code and in fact attempt to circumvent perfecting negotiable instruments as mandated under applicable law." Division 3 of the commercial code contains three chapters that deal with negotiable instruments. *See* Cal. Com. Code §§ 3100 *et seq*, Cal. Com. Code §§ 3201 *et seq*, Cal. Com. Code §§ 3301 *et seq.* Plaintiff does not indicate which statute defendants have allegedly violated and does not allege any facts in support of this claim.

For these reasons, the Court agrees with defendants that plaintiff has failed to state a claim upon which relief can be granted. Defendants' motion to dismiss is GRANTED. The Court finds that, in light of the fact that plaintiff is represented by counsel who are under investigation by the State Bar for failure to represent their clients adequately, it would be manifestly unfair for plaintiff's complaint to be dismissed with prejudice. Accordingly, the complaint is dismissed without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 24, 2009

SUSAN ILLSTON
United States District Judge